*751
 
 OPINION
 

 By the Court,
 

 Maupin, J.:
 

 In this appeal, we consider when it is appropriate to afford government entities discretionary immunity under NRS 41.032(2) in the context of accepting and rejecting bids for public works projects. More specifically, we examine whether a government entity can be held liable in tort for replacing a subcontractor on a public works project bid before accepting the contractor’s bid, based on the guidelines for accepting and rejecting bids for public works projects set forth in NRS Chapter 338, which contains the Nevada public bidding laws. Because the agent of the government entity in this case was engaged in an act involving individual judgment based on policy considerations under NRS Chapter 338, within the scope of his employment, and because no independent theory of liability was advanced against the government entity, we conclude
 
 *752
 
 that the government entity enjoys discretionary immunity from suit.
 

 FACTS AND PROCEDURAL HISTORY
 

 Respondent Boulder Excavating, Inc. (BEI), is a Nevada-licensed general contractor. Over a period of years, BEI submitted a number of bids to appellant, City of Boulder City, in connection with public works projects, several of which were accepted. According to Boulder City, however, BEI repeatedly failed to complete its contract obligations, demanded additional money, or created unwarranted challenges to the completion of projects. In 2000, a dispute between BEI and Boulder City over a road construction project ended in a protracted arbitration proceeding, after which both parties claimed to have prevailed before the arbitrator.
 

 In late 2000 or early 2001, Boulder City solicited bids for a new multimillion dollar public works project, Phase I of the Veteran’s Memorial Park (VMP). McComb Construction, another licensed general contractor, submitted the lowest responsive and responsible bid on the project. But because McComb’s proposal listed BEI as a subcontractor, Boulder City’s engineer, Scott Hansen, requested that McComb seek permission to replace BEI with another subcontractor.
 
 [1]
 
 McComb eventually complied with Hansen’s request and, after a substitute subcontractor was added, Boulder City awarded McComb the VMP contract.
 

 Claiming that Hansen sought to remove BEI from the VMP bid in retaliation for the result reached at the prior road construction arbitration,
 
 [2]
 
 BEI brought suit against Boulder City and Hansen, alleging that they violated the provisions of NRS Chapter 338 relating to the substitution of subcontractors on public works projects, defamed BEI, intentionally and maliciously interfered with the contractual relationship between McComb and BEI by inducing McComb to refuse to contract with BEI, conspired to evade the public bidding requirements of NRS Chapter 338 and to deny BEI its rights to perform subcontract work on the VMP contract, and violated BEI’s due process rights. Although BEI alleged that Hansen was individually liable for his actions, including his alleged acts of defamation, all of BEI’s claims against Boulder City were based upon Hansen’s conduct as Boulder City’s primary government actor. BEI requested injunctive relief and sought to recover its lost profits from the VMP job.
 

 Boulder City and Hansen answered the complaint and, while they affirmatively alleged that Hansen at all times acted within the
 
 *753
 
 scope of his duties and responsibilities as City Engineer and that none of his determinations were arbitrary or capricious, neither defendant explicitly asserted entitlement to qualified governmental immunity based upon discretionary acts under NRS 41.032(2).
 
 [3]
 
 The matter was tried to the bench in bifurcated proceedings on liability and damages, over which two district court judges separately presided.
 

 The first judge indicated at the liability hearing that, as he understood it, there were no disputed facts. At that time, neither Hansen nor Boulder City attempted to litigate claims of qualified immunity. Nevertheless, and although BEI had sued Hansen in his individual capacity and despite Hansen’s failure to specifically assert governmental immunity as an affirmative defense, the district court determined that Hansen enjoyed “discretionary act” immunity as a governmental actor, under NRS 41.032(2). Then, notwithstanding the exoneration of Hansen, and notwithstanding that the claims of liability litigated against Boulder City were based upon the actions of Hansen, the district court refused to extend the same qualified immunity to Boulder City. The court found that Boulder City, through Hansen, intentionally interfered with the contractual relationship between McComb and BEI, that replacing BEI as a subcontractor violated portions of the Nevada public bidding statutes set forth in NRS Chapter 338, and that the actions taken by Boulder City through Hansen violated BEI’s rights to due process.
 
 [4]
 

 A second judge was assigned to handle the damages phase of the trial, during which Boulder City attempted to raise the issue of its discretionary immunity.
 
 [5]
 
 The judge refused to revisit the liability findings, however, on the ground that Boulder City had waived the immunity argument by failing to raise it at the earlier liability hear
 
 *754
 
 ing.
 
 [6]
 
 The court further observed that the predecessor judge may have “found an intentional tort” and that intentionally interfering with a private contract is not a discretionary act for governmental immunity purposes. The court subsequently awarded $50,000 in damages to BEI.
 
 [7]
 
 This timely appeal followed.
 

 DISCUSSION
 

 Waiver of discretionary-act immunity
 

 On appeal, Boulder City contends that the district court erred in holding it liable because it is a political subdivision of the State of Nevada and, under the terms of NRS 41.032(2), political subdivisions are immune from liability resulting from the discretionary acts of their agents or employees. BEI points out as a threshold matter that Boulder City failed to assert qualified immunity as an affirmative defense below and argues that the defense was therefore waived.
 

 Although Boulder City maintains that its claim of immunity involves a question of subject-matter jurisdiction that can be raised at any time, we disagree. While issues of absolute governmental immunity implicate the subject-matter jurisdiction of Nevada courts, issues of qualified governmental immunity do not. In the context of a claim of absolute judicial immunity, we stated in
 
 State of Nevada v. District Court (Ducharm)
 

 [8]
 

 that “absolute immunity is distinguishable from qualified immunity, [which is] an affirmative defense the defendant must plead.”
 
 [9]
 
 And, in
 
 University & Community College System v. Sutton,
 

 [10]
 

 we noted that “NRS 41.032(2) provides
 
 qualified
 
 immunity to state agencies in the performance of discretionary acts.”
 
 [11]
 
 Accordingly, discretionary-act immunity is
 
 *755
 
 waived unless affirmatively pleaded, tried by consent, or otherwise litigated in a matter.
 
 [12]
 

 Here, despite Boulder City’s failure to affirmatively plead the defense of discretionary-act immunity, the district court sua sponte tried the issue when it determined that Hansen was not liable for his discretionary acts, and the parties did not object to the district court’s grant of discretionary-act immunity to Hansen.
 
 [13]
 
 Accordingly, we conclude the issue was tried by consent. Further, once the parties failed to object, and thereby tried the issue by consent, the district court was free to sua sponte dismiss Hansen on the basis of discretionary immunity.
 
 [14]
 
 Accordingly, it is appropriate for us to review the qualified immunity issue on appeal. As we have previously indicated, “[t]he application of sovereign immunity under NRS Chapter 41 presents mixed questions of law and fact. This court reviews conclusions of law, such as those entailing statutory construction, de novo. This court will not disturb a lower court’s findings of fact if supported by substantial evidence.”
 
 [15]
 

 Statutory immunity
 

 Based upon the district court’s findings that Hansen was acting in a discretionary manner, affording him complete governmental immunity as a state actor, Boulder City contends that the district court also should have dismissed the action against it because it is a political subdivision of the State of Nevada entitled to qualified immunity arising from the discretionary acts of Hansen in his capacity as its agent or employee. Because BEI asserted liability
 
 *756
 
 against Boulder City solely based on the discretionary actions of Hansen, we agree.
 

 Through NRS 41.031(1),
 
 [16]
 
 the Nevada Legislature has waived the State of Nevada’s sovereign immunity to liability in civil actions, subject to certain statutory exceptions. The pertinent exceptions to NRS 41.031(1) in this case are set forth in NRS 41.032. Particularly, NRS 41.032 provides that government actors following statutory guidelines or exercising their discretion are immune from common law tort actions in connection with their statutory duties or their discretion:
 

 Except as provided in NRS 278.0233 no action may be brought under NRS 41.031 or against an immune contractor or an officer or employee of the State or any of its agencies or political subdivisions which is:
 

 1. Based upon an act or omission of an officer, employee or immune contractor, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation is valid, if the statute or regulation has not been declared invalid by a court of competent jurisdiction; or
 

 2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.
 

 Here, BEI alleged that Boulder City should be held responsible based solely upon the acts of its agent, Hansen. However, if, as the district court concluded, Hansen was entitled to discretionary-act immunity under NRS 41.032(2), Boulder City was necessarily likewise entitled to immunity under that statute. As Boulder City correctly points out, this result is compelled under the liability phase findings of fact and conclusions of law below:
 

 Hansen was sued in his individual capacity and no defense was raised as to same either in his Answer or at trial. However, the Court finds that he is entitled to qualified immunity
 
 *757
 
 from suit as he was performing a discretionary act, in that it involved his personal deliberation, decision and judgment. All of his acts herein summarized were discretionary acts performed in his official capacity, in this case City Engineer, for the City of Boulder, a Nevada municipality, with full knowledge, consent, affirmation and ratification by the City of Boulder. While both a policy maker and [effecter] of the official policy of the City of Boulder as to the actions taken and offenses committed against Plaintiff in this case, no theory of personal liability against Hansen shall stand based upon the evidence presented herein.
 

 While it appears that the court was attempting to exonerate Hansen as a private individual, the specific findings that he was exercising his discretion as City Engineer and that he was immune for that reason implicate the liability claims against Boulder City. In this, we note that the claims of liability against Boulder City were entirely based upon the alleged intentional, arbitrary, and capricious conduct of Hansen,
 
 i.e.,
 
 that he “blackballed” BEI because of the prior project and the arbitration stemming therefrom. This being the case, because the State and its political subdivisions can act only through their agents, if the claims against Boulder City’s agent were properly dismissed on governmental immunity grounds, then Boulder City was entitled to immunity as well.
 

 Discretionary-act immunity
 

 The scope of the discretionary act exception to the limited waiver of state immunity has been the subject of numerous decisions of this court, decisions that have not always, at least in application, provided consistent guidance to the bench and bar. Thus, we recently adopted a new test for defining discretionary-act immunity in
 
 Martinez
 
 v. Maruszczak.
 
 [17]
 
 Specifically, in
 
 Martinez,
 
 we concluded that:
 

 to fall within the scope of discretionary-act immunity, a decision must (1) involve an element of individual judgment or choice and (2) be based on considerations of social, economic, or political policy. In this, we clarify that decisions at all levels of government, including frequent or routine decisions, may be protected by discretionary-act immunity, if the decisions require analysis of government policy concerns. However, discretionary decisions that fail to meet the second criterion of this test remain unprotected by NRS 41.032(2)’s discretionary-act immunity.
 
 [18]
 

 
 *758
 
 Here, the district court explicitly found that Hansen was executing Boulder City policy based upon public policy considerations, which amounted to a discretionary act entitled to immunity. Because the district court’s finding is supported by the law of governmental immunity and substantial evidence in the record, we conclude that Hansen, and accordingly Boulder City, were engaged in discretionary acts for the purposes of NRS 41.032(2) immunity.
 

 We have indicated that “[t]he purpose of bidding is to secure competition, [to] save public funds, and to guard against favoritism, improvidence and corruption.”
 
 [19]
 
 At the time this suit was instituted, NRS 338.141 provided, in relevant part, as follows:
 

 A contractor whose bid is accepted shall not substitute any person for a subcontractor who is named in the bid, unless:
 

 . . . The awarding authority objects to the subcontractor, requests in writing a change in the subcontractor and pays any increase in costs resulting from the change . . . .
 
 [20]
 

 Thus, under the statutes promoting bidding’s public purposes, an awarding body could object to a proposed subcontractor and seek the replacement of that subcontractor.
 
 [21]
 

 In reviewing the details of bids, officials like Hansen must judge whether particular bids ultimately will advance the public goals of the awarding agency. Here, the record demonstrates that Hansen,
 
 *759
 
 and accordingly Boulder City, made an individual judgment that he reasonably believed would save public funds and expedite the VMP’s completion. As a result, Boulder City, through Hansen, was exercising individual judgment based on policy considerations, in declining to have further dealings with a subcontractor.
 
 [22]
 

 Moreover, NRS Chapter 338 does not categorically prohibit the removal of subcontractors but merely requires awarding entities to follow certain procedural requirements in substituting subcontractors.
 
 [23]
 
 We can discern from the record neither a failure on the part of Boulder City or Hansen to follow the procedural requirements set forth in NRS 338.141 nor “an implemented attitude that completely transcend[ed] the circumference of authority granted to [Hansen] or [Boulder City].’ ’
 
 [24]
 
 Accordingly, we conclude that because Hansen was engaged in discretionary acts as defined by NRS 41.032(2), and because he was acting pursuant to his statutory authority in selecting subcontractors under NRS 338.141, he did not transcend the authority granted to him under NRS Chapter 338; he, and consequently Boulder City, were engaged in immune
 
 *760
 
 discretionary activity that was not, as a matter of law, arbitrary and capricious.
 
 [25]
 

 CONCLUSION
 

 We conclude that because, in seeking BEI’s substitution, Hansen was merely fulfilling his statutory obligations under NRS Chapter 338 and was engaging in an act of individual judgment, based on policy considerations, the district court properly found him immune from liability under NRS 41.032(2). Further, because BEI advanced no independent theory of liability as to Boulder City, instead relying on the acts of its agent, Hansen, it was improper for the district court to fail to extend that same immunity to Boulder City. Accordingly, we conclude that Boulder City enjoyed discretionary immunity under NRS 41.032(2), and we therefore reverse the district court’s judgment.
 
 [26]
 

 Gibbons, C. J., Hardesty, Parraguirre, Douglas, Cherry and Saitta, JJ., concur.
 

 [1]
 

 Hansen made the request after consulting with Boulder City’s legal staff.
 

 [2]
 

 While both sides claimed to have prevailed at arbitration, the record below suggests otherwise — that BEI was actually the prevailing party.
 

 [3]
 

 NRS 41.032(2) qualifies the State’s waiver of sovereign immunity hy retaining immunity for the State, its political subdivisions, and their agents, based upon the “failure [of government actors] to exercise or perform” discretionary functions.
 

 [4]
 

 Neither party objected to the proceedings at the liability hearing or asked to present further evidence or testimony. Nonetheless, Boulder City now argues that the liability hearing was “highly irregular” and that the district court “did not specifically address which counts of the complaint were encompassed in the finding of liability, did not allow for witnesses to be called or cross-examined, and did not include rulings on evidentiary issues underlying any causes of action.” Given our disposition of this matter, we need not reach this claim of error.
 

 [5]
 

 As noted, the district court in the liability phase refused to accord immunity to Boulder City, despite its refusal to find any separate ground for liability beyond that based upon Hansen’s actions.
 

 [6]
 

 The second district court judge erred in concluding that the liability issue was “waived” simply through Boulder City’s failure to raise it during the liability phase because, under NRCP 54(b), and absent some other waiver issue, the issue could be raised at any time before the rendition of a final judgment. We note that neither district court judge relied upon NRCP 8(c), which provides rules of pleading affirmative defenses, as a ground for finding that either Hansen or Boulder City waived any claim of qualified immunity under NRS 41.032(2).
 

 [7]
 

 The district court originally found that BEI sustained damages in excess of $70,000 but reduced the award to $50,000 pursuant to former NRS 41.035.
 

 [8]
 

 118 Nev. 609, 55 P.3d 420 (2002).
 

 [9]
 

 Id.
 
 at 615 n.9, 55 P.3d at 423 n.9 (construing James L. Knoll,
 
 Protecting Participants in the Mediation Process: The Role of Privilege and Immunity,
 
 34 Tort & Ins. L.J. 115, 122 (1998)).
 

 [10]
 

 120 Nev. 972, 103 P.3d 8 (2004).
 

 [11]
 

 Id.
 
 at 980, 103 P.3d at 14 (emphasis added).
 

 [12]
 

 See
 
 NRCP 8(c). Affirmative defenses must be affirmatively pleaded at the appropriate times, and “[i]f an affirmative defense is not properly asserted, or tried by consent, it is waived.”
 
 Idaho Resources v. Freeport-McMoran Gold,
 
 110 Nev. 459, 461, 874 P.2d 742, 743 (1994). Waiver occurs when a party fails to raise the affirmative defense in “any pleadings or any other papers filed with the court, including its answer, pretrial statement, or post-trial brief.”
 
 See id.
 
 And “[a] point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.”
 
 Britz v. Consolidated Casinos Corp.,
 
 87 Nev. 441, 447, 488 P.2d 911, 915 (1971). As noted below, however, this rule does not preclude sua sponte resolution of issues by the district court, which do become reviewable on appeal.
 
 See, e.g., Sierra Nevada Stagelines v. Rossi,
 
 111 Nev. 360, 892 P.2d 592 (1995) (reversing the district court’s decision to grant summary judgment sua sponte because doing so violated the procedural requirements of NRCP 56).
 

 [13]
 

 While counsel for BEI stated at the damage hearing that “I don’t see how anybody has discretionary — has the discretion to act, interfere with a private contract . . . it’s not a discretionary function to do those things,” those statements do not rise to the level of an objection to the sua sponte resolution of the issue.
 

 [14]
 

 See,
 
 e.g., Doyle v. Coombe,
 
 976 F. Supp. 183, 187 (W.D.N.Y. 1997).
 

 [15]
 

 Martinez
 
 v.
 
 Maruszczak,
 
 123 Nev. 433, 438-39, 168 P.3d 720, 724 (2007).
 

 [16]
 

 NRS 41.031(1) provides the following:
 

 The State of Nevada hereby waives its immunity from liability and action and hereby consents to have its liability determined in accordance with the same rales of law as are applied to civil actions against natural persons and corporations, except as otherwise provided in NRS 41.032 to 41.038, inclusive, 485.318, subsection 3 and any statute which expressly provides for governmental immunity, if the claimant complies with the limitations of NRS 41.010 or the limitations of NRS 41.032 to 41.036, inclusive. The State of Nevada further waives the immunity from liability and action of all political subdivisions of the State, and their liability must be determined in the same manner, except as otherwise provided in NRS 41.032 to 41.038, inclusive, subsection 3 and any statute which expressly provides for governmental immunity, if the claimant complies with the limitations of NRS 41.032 to 41.036, inclusive.
 

 [17]
 

 123 Nev. 433, 168 P.3d 720.
 

 [18]
 

 Id.
 
 at 446-47, 168 P.3d at 729.
 

 [19]
 

 Gulf Oil Corp. v. Clark County,
 
 94 Nev. 116, 118, 575 P.2d 1332, 1333 (1978).
 

 [20]
 

 Additionally, NRS 338.143, as amended after the events in issue here, now provides, in relevant part, that
 

 4. Except as otherwise provided in subsection 5 and NRS 338.147, the local government or its authorized representative shall award a contract to the lowest responsive and responsible bidder.
 

 5. Any bids received in response to an advertisement for bids may be rejected if the local government or its authorized representative respon-
 

 sible for awarding the contract determines that:
 

 (a) The bidder is not responsive or responsible;
 

 (b) The quality of the services, materials, equipment or labor offered does not conform to the approved plans or specifications; or
 

 (c) The public interest would be served by such a rejection.
 

 Further, while not dispositive of this appeal, we note that the Legislature has since amended NRS 338.1377 to provide awarding authorities, as a matter of policy, with a virtually limitless ability to disqualify bidders, including when “. . . the applicant has . . . failed to perform any contract . . . [i]n the manner specified by the contract.” NRS 338.1377(13)(a). Also, subsequently enacted NRS 338.142(6) clearly provides that disappointed bidders have no legally cognizable right to damages under Nevada law.
 

 [21]
 

 Further, while former NRS 338.141 did not, by its terms, apply to interactions between general contractors and public awarding authorities before bid acceptance, it would apply with equal force to such interactions.
 

 [22]
 

 BEI argues that it sued Hansen only in his individual capacity and, as a result, he was not immune from suit. In addition, BEI contends that the action against Hansen should not have been dismissed because it involved an intentional tort (interference with contract) and that governmental actors are not entitled to immunity for illegal intentional acts or acts taken in bad faith. Accordingly, BEI reasons that the district court’s decision to dismiss the action against Hansen should not affect BEI’s recovery against Boulder City. But because Boulder City was within its rights to request a change in the subcontractors proposed in McComb’s bid under NRS 338.141(3)(a), and because Boulder City had not yet accepted McComb’s bid at the time that BEI was replaced as a subcontractor, there was no contract with which Hansen could interfere, and the award against Boulder City on that claim would have to be reversed in any event.
 
 See Gulf Oil Corp.,
 
 94 Nev. at 118, 575 P.2d at 1333 (holding that “a bid in response to a solicitation therefor constitutes no more than an offer and until its acceptance, a contract does not exist”). Further, we can find no evidence in the record that Hansen acted with bad faith. Rather, he was acting to remove a subcontractor that had, in his view, previously performed unsatisfactory work for Boulder City, pursuant to his statutory obligations under NRS Chapter 338.
 

 In addition, we reject the notion argued by BEI under
 
 Clark Pacific
 
 v.
 
 Krump Const., Inc.,
 
 942 F. Supp. 1324, 1343 (1996), that a viable “pseudo contract” between McComb and BEI implicates Boulder City in a tortious interference with contract. First,
 
 Clark Pacific
 
 infers a pseudo contract only between a contractor and subcontractor, not between the awarding authority and the subcontractor.
 
 Id.
 
 Second, such a cause of action would interfere with a governmental authority’s legal, limited discretion to award public contracts. We therefore agree with Boulder City that a putative subcontractor named in a public works bid has no protected property interest in the public works contract because no cognizable claim to damages can arise before an award is made.
 

 [23]
 

 See U.S. v. Gaubert,
 
 499 U.S. 315 (1991) (holding that discretionary-act immunity exists when government agents are acting in a manner grounded in policy and not expressly prohibited by statute).
 

 [24]
 

 Falline
 
 v.
 
 GNLV Corp.,
 
 107 Nev. 1004, 1009 n.3, 823 P.2d 888, 892 n.3 (1991).
 

 [25]
 

 Id.
 
 We note that the district court struck language in the findings of fact and conclusions of law, which were prepared by counsel for BEI, that Hansen, and therefore Boulder City, sought to “punish” BEI for past conduct and that BEI’s replacement was the result of “arbitrary, irrational, and capricious” conduct.
 

 [26]
 

 ecause BEI presented no independent rationale for its due process claim and we conclude that BEI’s claims for violations of NRS Chapter 338 and intentional interference with contractual relations were barred by the qualified immunity statute, its due process claim was likewise barred.