# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| 24/7 LTD, D/B/A 24/7 MOTORSPORTS, A NEVADA LIMITED LIABILITY COMPANY,<br>Appellant,<br>vs.<br>KURT SCHOEN,<br>Respondent. | No. 69365 **FILED**<br><br>JUL 28 2017<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>DEPUTY CLERK |
| KURT SCHOEN, AN INDIVIDUAL,<br>Appellant,<br>vs.<br>24/7 LTD, D/B/A 24/7 MOTORSPORTS, AN UNREGISTERED ENTITY,<br>Respondent. | No. 69730 |

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

These are consolidated appeals from a final judgment after a bench trial in a breach of contract and repayment of loan action and a post-judgment order denying costs and attorney fees. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge. We affirm the district court's denial of costs and attorney fees (Docket No. 69730), reverse the district court's judgment in part (Docket No. 69365), and remand to the district court for the proper determination of remedies under NRS Chapter 604A.

*Whether NRS Chapter 104 or NRS Chapter 604A governs the loan*

This court reviews the district court's interpretation of statutes and application of law to facts de novo. *Beazer Homes Nev., Inc. v. Eighth Judicial Dist. Court*, 120 Nev. 575, 579, 97 P.3d 1132, 1135 (2004); *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 553, 96 P.3d 1159, 1162 (2004). When

interpreting a statutory provision, this court looks first to the plain language of the statute. *Clay v. Eighth Judicial Dist. Court*, 129 Nev. 445, 451, 305 P.3d 898, 902 (2013). If the language of a statute is unambiguous, this court does not "look beyond the statute itself when determining its meaning." *Westpark Owners' Ass'n v. Eighth Judicial Dist. Court*, 123 Nev. 349, 357, 167 P.3d 421, 427 (2007).

NRS Chapter 604A regulates the practice of high-interest loans. NRS 604A.0703 defines a high interest loan as one that "charges an annual percentage rate of more than 40 percent." NRS 604A.407 governs the calculation of interest, which shall be calculated according to "the Truth in Lending Act and Regulation Z." NRS 604A.407(1). Further, "every charge or fee" is included in the calculation, regardless of its title. *Id.*

Motorsports loaned Schoen $10,000 for two weeks for a $750 fee. Applying NRS 604A.0703 and the formula provided by the Truth in Lending Act,[1] this yields an APR for Schoen's loan of 195.5%.[2] Because the loan had an APR higher than 40%, it was subject to NRS Chapter 604A and not NRS Chapter 104. *See* NRS 604A.22(2) (providing NRS Chapter 604A controls when a conflict exists between it and "any other general law regulating loans and similar transactions").

Motorsports complains that the district court first raised NRS Chapter 604A, not Schoen. But the district court has the power and the authority to apply the correct law to the case. That the district court raised the issue of the applicability of NRS Chapter 604A does not constitute

---

[1][interest]/[loan amount] x 365/[term of loan] x [100]. 12 CFR § 226.22, Appendix J (2016).

[2][$750]/[$10,000] x 365/[14] x [100]= 195.5.

 

reversible error where, as here, both parties were given adequate notice and an opportunity to respond. *Soebbing v. Carpet Barn, Inc.*, 109 Nev. 78, 83, 847 P.2d 731, 735 (1993); *see also Boulder City v. Boulder Excavating, Inc.*, 124 Nev. 749, 755, 191 P.3d 1175, 1179 (2008). We find no error or abuse of discretion by the district court in applying the correct NRS chapter in its findings of fact and conclusions of law.

*Whether the district court correctly applied the remedies in NRS Chapter 604A*

NRS Chapter 604A provides remedies for both a licensed and an unlicensed lender's violations. Motorsports is not a licensee under NRS 604A.475 because it was never granted a license to operate a high-interest loan service. Instead, Motorsports violated NRS 604A.400, which prohibits unlicensed high-interest loan services.[3]

Under NRS 604A.900 a licensed lender's violations renders the loan agreement void. But under NRS 604A.920, an unlicensed lender's violations renders the loan agreement voidable at the option of the other party to the transaction. The district court erred in applying NRS 604A.900, because Motorsports is not a licensee. Because the court applied the incorrect remedies, we remand the case back to the district court for the application of NRS 604A.920 and its related statute, NRS 604A.930, as well as for such restitution as may be appropriate depending on the remedy afforded, see 1 Dan B. Dobbs, Law of Remedies § 4.3(6) (2d ed. 1993).[4]

*Motorsports' counterclaims*

---

[3]Motorsports does not make the argument that it did not provide high interest loan services and therefore we consider this argument waived.

[4]Our holding that Motorsports was not a licensee, and thus, NRS 604A.900(1) is inapplicable, makes unavailing Schoen's claim under that statute for the return of his loan payments.

 

In a bench trial, the district court is the fact-finder and weighs the credibility of the witnesses; thus, its findings of fact and conclusions of law will not be set aside unless unsupported by substantial evidence and are clearly erroneous. *Sheehan & Sheehan v. Nelson Malley and Co.*, 121 Nev. 481, 486-87, 117 P.3d 219, 223 (2005). "Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." *Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012).

The district court found that Schoen did not misrepresent his interest in the boat because: (1) Motorsports did not possess the boat's certificate of title, and (2) Schoen and Balelo reached a settlement wherein Balelo agreed to sign his interest in the boat over to Schoen. The record contains sufficient evidence to support the district court's findings, and thus they are not clearly erroneous. Accordingly, the district court did not abuse its discretion in denying Motorsport's counterclaims.

*Whether the district court abused its discretion in denying Schoen's motion for attorney fees and costs and reimbursement of loan payments*

This court review orders denying attorney fees and costs for abuse of discretion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 80, 319 P.3d 606, 615 (2014). District courts must consider the factors set out in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2e 31, 33 (1969), when awarding attorney fees and the award must be supported by substantial evidence. *Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 864-65, 124 P.3d 530, 548-49 (2005) (citing *Bobby Berosini, Ltd. v. PETA*, 114 Nev. 1348, 1352, 971 P.2d 383, 385 (1998)). When a statute allows the award of "reasonable costs," the party seeking them must "demonstrate how such [costs] were necessary to and incurred in the present action." *Berosini*, 114 Nev. at 1352-53, 971 P.2d 385-86. A district

court may not award costs without evidence to determine whether the costs were reasonable. *Id.*

The district court correctly determined that Schoen's motions for fees and costs lacked sufficient evidentiary support to meet the *Brunzell* and *Berosini* requirements. We therefore decline to disturb its order denying fees and costs.

We therefore ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Ronald J. Israel, District Judge
       Persi J. Mishel, Settlement Judge
       Maier Gutierrez Ayon, PLLC
       Day & Nance
       Eighth District Court Clerk