# IN THE SUPREME COURT OF THE STATE OF NEVADA

JPMORGAN CHASE BANK, N.A., A
NATIONAL ASSOCIATION,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 70423

FILED

JAN 17

ELIZ...
CLER...OF S...COUR...
BY
DEPUTY C....

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment for respondent on its quiet title and declaratory relief claims. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's summary judgment and recognizing that summary judgment is proper when the moving party is entitled to judgment as a matter of law). In particular, we are not persuaded that the district court abused its discretion in determining that appellant failed to produce admissible evidence that Freddie Mac owned the loan in question. *M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) (reviewing a district court's decision to admit or

19-02831

exclude evidence for an abuse of discretion). As the district court recognized, the loan was purportedly transferred to Freddie Mac in 2005 at a time when the loan was being serviced by Washington Mutual, and appellant did not obtain servicing rights to the loan until 2008. Consequently, although appellant's employee attested that "[e]ntries in Chase's systems and data bases are made at or near the time of the events recorded," this attestation necessarily could not be true with respect to the record of the purported 2005 loan transfer. Thus, absent any argument from appellant regarding why the district court's reasoning was erroneous, we conclude that the district court was otherwise within its discretion in determining that appellant's proffered evidence failed to satisfy the standard for admissibility under NRS 51.135.[1] Appellant's argument that 12 U.S.C. § 4617(j)(3) (2012) preempts NRS 116.3116 is therefore moot.

Appellant also argues that it introduced evidence of fraud, unfairness, or oppression that could justify setting aside the foreclosure sale. *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent evidence of "fraud, unfairness, or oppression"). Specifically, appellant contends that (1) a mortgage savings clause in the CC&Rs misled bidders about the title they would receive, and (2) the oral

---

[1]We are not persuaded by appellant's suggestion that its employee's knowledge that appellant acquired Washington Mutual's assets, combined with his knowledge of appellant's recordkeeping system, was sufficient to satisfy the standard for admissibility under NRS 51.135.

postponements of the sale limited the number of bidders that attended the actual sale. We disagree that this shows unfairness. First, and assuming the CC&Rs contain a mortgage savings clause without an additional clause tracking NRS 116.3116(2)'s superpriority provision,[2] appellant has not presented any evidence that potential bidders were misled by the CC&Rs and that bidding was chilled. Moreover, we must presume that any such bidders also were aware of NRS 116.1104, such that they were not misled.[3] *See Smith v. State*, 38 Nev. 477, 481, 151 P. 512, 513 (1915) ("Every one is presumed to know the law and this presumption is not even rebuttable."). Second, the HOA was statutorily permitted to orally postpone the sale, *see* NRS 116.31164(1) (2005), and there is nothing in the record to suggest that appellant was unable to attend the initially scheduled sale where it would have been apprised of the postponed sale date. Accordingly, we affirm the district court's summary judgment in favor of respondent on its quiet title and declaratory relief claims. *Wood*, 121 Nev. at 732, 121 P.3d at 1031 (observing that a party opposing summary judgment must "do more than

---

[2]Appellant summarily cites to Article 8.9 without quoting any language therein. While the CC&Rs contained in the record are virtually unreadable, we note that Article 8.9 appears to contain language tracking NRS 116.3116(2)'s superpriority provision.

[3]In this respect, and to the extent that it is persuasive, *ZYZZX2 v. Dizon*, No. 2:13-CV-1307, 2016 WL 1181666 (D. Nev. 2016), is distinguishable because in addition to the CC&Rs' mortgage saving clause, the HOA sent a letter to the deed of trust beneficiary affirmatively misrepresenting to the beneficiary that it would not need to take any action to protect its deed of trust.

 

simply show that there is some metaphysical doubt as to the operative facts" (internal quotation omitted)).[4]

However, we conclude that the district court erred in granting summary judgment in favor of respondent on appellant's unjust enrichment counterclaim. Although the district court granted summary judgment based on the voluntary payment doctrine, we agree with appellant that respondent waived that doctrine by failing to assert it as an affirmative defense.[5] *Cf. Nev. Ass'n Servs. v. Eighth Judicial Dist. Court,* 130 Nev. 949, 954, 338 P.3d 1250, 1253 (2014) ("The voluntary payment doctrine is an affirmative defense . . . ."); *Idaho Res., Inc. v. Freeport-McMoran Gold Co.,* 110 Nev. 459, 461, 874 P.2d 742, 743 (1994) ("If an affirmative defense is not properly asserted, or tried by consent, it is waived.").[6] Because respondent waived its voluntary-payment-doctrine defense, the district

---

[4]Appellant's due process and retroactivity arguments fail in light of this court's opinions in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage,* 133 Nev. 28, 388 P.3d 970 (2017), and *K&P Homes v. Christiana Trust,* 133 Nev., Adv. Op. 51, 398 P.3d 292 (2017).

[5]Respondent asserted as an affirmative defense that "[t]he occurrence referred to in the counterclaim, and all injuries and damages, if any, resulting therefrom, were caused by the acts or omissions of the Bank." Neither the district court nor respondent has meaningfully explained how this language "state[d] in short and plain terms" the voluntary-payment-doctrine defense, *see* NRCP 8(b), and we cannot reach that conclusion of our own accord.

[6]There is no suggestion that the voluntary-payment-doctrine defense was somehow tried by consent. To the contrary, appellant contends it conducted no discovery relating to the doctrine because appellant was unaware the doctrine had been asserted as a defense, which is a contention respondent does not dispute.

court erred in concluding that appellant's unjust enrichment counterclaim failed as a matter of law. We therefore reverse the district court's summary judgment with respect to appellant's unjust enrichment counterclaim. To the extent that respondent argues that this counterclaim or portions thereof may fail on the merits, we decline to consider those issues in the first instance. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.            _____, J.
Stiglich                                    Silver


cc:     Hon. Douglas Smith, District Judge
        John Walter Boyer, Settlement Judge
        Ballard Spahr LLP
        Kim Gilbert Ebron
        Fennemore Craig P.C./Reno
        Arnold & Porter Kaye Scholer LLP
        Eighth District Court Clerk