**Robert S. OSBAKKEN, Plaintiff–Appellant/Cross–Appellee,**

**v.**

**William Henry Cabell VENABLE, Defendant–Appellee,**

**Max C. Robinson, and the Star Valley State Bank, Defendants–Counter–Claimants–Cross–Claimants–Appellees/Cross–Appellants.**

**Nos. 89–8076, 89–8078.**

United States Court of Appeals, Tenth Circuit.

April 22, 1991.

Andrew L. Breffeilh, Jackson, Wyo., for plaintiff-appellant/cross-appellee.

Gerald L. Goulding, Afton, Wyo., for defendants-counter-claimants-cross-claimants-appellees/cross-appellants Max C. Robinson and the Star Valley State Bank.

John E. Ackerman, Houston, Tex., for defendant-appellee William Henry Cabell Venable.

Before HOLLOWAY, Chief Judge, and TACHA, Circuit Judge, and BRETT, District Judge.[*]

TACHA, Circuit Judge.

Plaintiff-appellant Robert Osbakken's amended complaint includes claims for fraud, constructive fraud, forgery, conversion, breach of contract, negligence, gross negligence, and civil RICO against defendants-appellees William Venable, Max C. Robinson, and Star Valley State Bank. The claims arise from the alleged misdirection of the proceeds of a loan from the Star Valley State Bank, where Robinson was Chief Operating Officer, to the Osbakken–Venable partnership. Osbakken seeks recovery of $235,900 in actual damages, $600,000 in consequential damages, and $10,000,000 in punitive damages. Robinson and the Bank filed a crossclaim against

---

[*] The Honorable Thomas R. Brett, District Judge for the United States District Court for the Northern District of Oklahoma, sitting by designation.

Venable and the Bank filed a counterclaim against Osbakken for the unguaranteed portion of the loan.

On February 15, 1989, the district court entered a partial summary judgment order in defendants' favor. The court concluded Osbakken was not entitled to recover $235,-900 in actual damages. The court also granted summary judgment to all defendants on the civil RICO claim and to defendants Robinson and the Bank on the forgery claim. Osbakken did not appeal this ruling.

The court scheduled a hearing on the remaining issues in the case for May 25, 1989. Dispositive motions were to be filed by May 5. Robinson and the Bank filed their motion for summary judgment on May 4. On May 10 Venable filed a motion to extend the time for filing. The court never expressly ruled on this motion. Venable filed his motion for summary judgment on May 17. Accompanying this motion were affidavits of David Titcomb and John J. Harris. These documents contained evidence that had not been presented previously.

The court heard argument on May 25, eight days after Venable filed his motion. Relying extensively on the affidavits appended to Venable's brief, the court granted summary judgment in favor of all defendants on July 17. Osbakken filed a timely notice of appeal. On August 2, 1989 the court dismissed Robinson and the Bank's crossclaim and counterclaim. These parties also timely appealed.

Because we conclude the district court did not have authority to enter summary judgment, we vacate the judgment and remand for further proceedings. We also vacate the court's order dismissing the crossclaim and counterclaim.

Federal Rules of Civil Procedure 56(c) provides that a motion for summary judgment shall be served at least ten days before the hearing date. The purpose of this requirement was explained by Professors Wright and Miller:

> The extended 10–day time period for service of the motion is especially important in the Rule 56 context because it pro-vides an opportunity for the opposing party to prepare himself as well as he can with regard to whether summary judgment should be entered. In theory, the additional time ought to produce a well-prepared and complete presentation on the motion to facilitate its disposition by the court. In addition, since opposition to a summary judgment motion often is a difficult task, usually involving preparation of both legal and factual arguments as well as affidavits, and since the results of failure are drastic, it is felt that the additional time is needed to assure that the summary judgment process is fair.

10 C. Wright & A. Miller, Federal Practice and Procedure § 2719, at 6–7 (1973).

■ It is settled law that noncompliance with the time provisions of Rule 56(c) deprives the court of authority to grant the motion for summary judgment unless the opposing party has waived this requirement. *See, e.g., Summers v. State Farm Mut. Auto. Ins. Co.*, 864 F.2d 700, 703 (10th Cir.1988); *Franklin v. Oklahoma City Abstract & Title Co.*, 584 F.2d 964, 967 (10th Cir.1978).

■ In the present case, Venable's motion for summary judgment and accompanying affidavits were served only eight days before the hearing. Osbakken did not waive the ten-day requirement. During the hearing, Osbakken's counsel stated he had not had sufficient time to prepare responses to the allegations contained in Titcomb's affidavit. He objected to the court considering the motions at that time. Because the ten-day requirement of Rule 56(c) was not satisfied and Osbakken did not waive this requirement, we hold the district court was without authority to enter summary judgment in Venable's favor.

The same principles govern the disposition of Robinson and the Bank's summary judgment motion. The district court premised its holding granting Robinson and the Bank's motion on affidavits accompanying Venable's untimely filed motion. Therefore, Osbakken had insufficient notice to defend against these defendants' motion.

**38**

We conclude the district court also lacked authority to enter summary judgment for Robinson and the Bank.

Finally, the district court's one-page dismissal of Robinson and the Bank's crossclaim and counterclaim against Osbakken and Venable contained no facts or law justifying the disposition. Our review of the record reveals no basis for this holding.

We therefore VACATE the orders granting summary judgment in favor of all defendants and dismissing Robinson and the Bank's crossclaim and counterclaim. We express no opinion relative to the merits of this case. We REMAND this case for reconsideration. We DISMISS as moot all ancillary appellate motions.