## EDWARD FRANCIS SOEBBING, Appellant, v. CARPET BARN, INC., Respondent.

No. 22484

February 23, 1993                                847 P.2d 731

*William E. Freedman,* Las Vegas, for Appellant.

*Wells, Kravitz, Schnitzer & Sloane,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent Carpet Barn, Inc. ("Carpet Barn") fired appellant Edward Soebbing ("Soebbing") after many years of employment. Soebbing sued Carpet Barn for unpaid commissions. Carpet Barn moved for summary judgment. Soebbing moved for leave to amend his first amended complaint, proposing to add several wrongful termination claims. Thereafter, he opposed the motion for summary judgment. The district court granted Soebbing's motion to amend his complaint and, several days later, entered judgment for Carpet Barn as to both the first amended complaint and the proposed second amended complaint. For the reasons discussed herein, we affirm the grant of summary judgment as to the first amended complaint but reverse as to the second amended complaint.

### FACTS

Soebbing was employed at Carpet Barn for approximately thirteen years. During most of those years, Soebbing worked in the contract sales division and earned his income based solely on commissions. The contract sales division contracted with housing developers to furnish floor coverings for tract homes.

As a contract salesman, Soebbing cultivated and submitted bids to developers on the part of Carpet Barn for the sale and installation of floor coverings. If a developer accepted a bid, the parties contracted whereby Carpet Barn agreed to provide the floor coverings for a specified number of homes.

Soebbing's duties included "servicing the contract." That is, when the homes were sold, the individual buyer would meet with Soebbing and select floor coverings from those identified by the contractor. Afterwards, Soebbing had to supervise the installation of the floor covering and was responsible to ensure that the homeowner paid for the floor covering.

Carpet Barn paid commissions to its contract salesmen based on the floor coverings purchased by the individual homeowners. If, therefore, a homeowner purchased an upgraded floor covering, the contract salesman's commission was based on the higher figure. Carpet Barn paid the commission when the individual homeowner tendered payment to Carpet Barn.

Soebbing never had a written employment agreement nor a guarantee with Carpet Barn. He did not have any discussions with Sol Sayegh ("Sayegh"), the owner of Carpet Barn, regarding the terms of his employment, his working conditions, pension plans, or profit sharing. Carpet Barn never informed Soebbing he would receive any commissions after his employment was terminated. However, according to Soebbing's affidavit, Sayegh represented to Soebbing that "as long as he had Carpet Barn, Inc., [Soebbing] had a job."

Eventually, Soebbing disagreed with requirements placed on his working arrangement, and his employment with Carpet Barn ended soon thereafter. At the time of Soebbing's termination, he had signed contracts for approximately 1,650 homes which had not yet been serviced.

Soebbing sued Carpet Barn, alleging, by way of an amended complaint, that: (1) Carpet Barn owed him commissions on the contracts he had executed; (2) Carpet Barn was unjustly enriched in excess of $200,000; and (3) Carpet Barn had impliedly agreed to pay him a reasonable amount for work previously performed.

On April 12, 1991, Carpet Barn moved for summary judgment. Four days later, Soebbing moved to amend his first amended complaint, proposing to add the following three claims: (1) entitlement to commissions under the procuring cause rule; (2) bad faith discharge; and (3) tortious discharge. On April 24, 1991, Soebbing opposed Carpet Barn's motion for summary judgment. The district court granted Soebbing's motion to amend his complaint. However, several days later, the district court granted Carpet Barn's motion for summary judgment on both Soebbing's first amended complaint and the proposed second amended complaint. Two days later, Soebbing filed his second amended complaint.

## DISCUSSION

### I.  The first amended complaint

Carpet Barn was entitled to summary judgment if there were no genuine issues of material fact, and Carpet Barn was entitled to judgment as a matter of law. See American Fed. Sav. Bank v. County of Washoe, 106 Nev. 869, 871, 802 P.2d 1270, 1272 (1990). As noted, in his first amended complaint, Soebbing alleged that Carpet Barn owed him money, that Carpet Barn was unjustly enriched, and that there was an implied agreement

whereby he would be reasonably paid for services rendered. We now proceed to address whether Carpet Barn was entitled to summary judgment on these claims.

## A. *Money owed*

Soebbing argues there existed a material issue of fact as to whether Carpet Barn had paid commissions to other contract salesmen after their employment with Carpet Barn ended. To support his position, Soebbing points to his affidavit and deposition, wherein he stated the following: (1) Sayegh informed him that Steve Lee, a former contract salesman, had received commissions after Mr. Lee was terminated; and (2) Carpet Barn paid Tom Lee, another former contract salesman, commissions after his termination of employment. When asked on what evidence he based the second statement, Soebbing responded, "[Tom Lee] told me."

The district court concluded that this evidence was not competent as it constituted hearsay evidence. Soebbing argues that Sayegh's statement about Steve Lee was an admission against interest and thus not hearsay.[1] Soebbing argues that Tom Lee's statement would be admissible because it would not be offered for the truth of the matter asserted but to show "Soebbing had knowledge that others had been paid by Carpet Barn on their commissions after they had terminated their employment."

The evidence regarding Tom Lee, which clearly was hearsay, would be irrelevant if it was not being offered for the truth of the matter asserted. That is, the fact that Soebbing subjectively believed that Tom Lee had been paid commissions does not control his arrangement with Carpet Barn.

As for the evidence concerning Steve Lee, we agree that this would be admissible as an admission against interest. *See* NRS 51.035(3)(a). However, this evidence does not raise a material dispute. Soebbing sought commissions for contracts which he had not yet serviced. The arrangement between the parties was that Soebbing earned his commissions by signing *and* servicing the contracts. There was no written or oral agreement that Soebbing would receive a commission for unserviced contracts.[2] Thus Carpet Barn did not owe Soebbing commissions on those con-

---

[1]NRS 51.035 defines hearsay as an out of court statement offered for the truth of the matter asserted unless the statement is offered against a party and is "[h]is own statement, in either his individual or representative capacity." NRS 51.035(3)(a).

[2]According to his deposition, Soebbing premised his complaint on his belief that Carpet Barn was "morally obligated" to pay him the commissions because he developed the company over the years. Nonetheless, this alleged moral obligation does not entitle Soebbing to those commissions.

tracts. Consequently, the district court properly granted summary judgment on this claim.

## B. *Unjust enrichment*

Unjust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another. Unionamerica Mortgage & Equity Trust v. McDonald, 97 Nev. 210, 212, 626 P.2d 1272, 1273 (1981).

Soebbing argues that a material issue of fact exists as to whether Carpet Barn was unjustly enriched in excess of $200,000 by terminating Soebbing without paying the commissions which he earned. Soebbing bases this argument on his belief that he earned the commissions. As discussed above, Soebbing did not fully perform in order to earn commissions on those contracts. Moreover, according to Sayegh's affidavit, Carpet Barn had to hire other employees to service those contracts.

Soebbing contends that Carpet Barn paid only a small salary to these newly hired employees and that, consequently, it retained the bulk of the commissions. Specifically, Soebbing's affidavit provides: "During the course of discovery in this case, affiant has learned that the commissions which affiant has earned were retained by [Carpet Barn] and not paid to other contract salesmen who took over the accounts which affiant had acquired . . . ." Soebbing, however, failed to identify the "discovered evidence" which supports his theory, and the record does not reveal such evidence. A party opposing summary judgment cannot rely merely on his allegations to raise a material issue of fact where the moving party supports his motion with competent evidence. *See* Garvey v. Clark County, 91 Nev. 127, 130, 532 P.2d 269, 271 (1975). The only competent evidence presented to the district court was that Carpet Barn had to hire and pay new employees to service those contracts which Soebbing had signed.

Perhaps a carpet salesman's most important and difficult duty is obtaining the contracts with the developers, thereby justifying a claim for unjust enrichment. Nonetheless, Soebbing did not present any evidence to that effect. Indeed, he did not demonstrate he could produce any evidence at the trial to support his claim. *See* Van Cleave v. Kietz-Mill Minit Mart, 97 Nev. 414, 415, 633 P.2d 1220, 1222 (1981). Therefore, we conclude that the district court properly entered summary judgment as to the first amended complaint.[3]

---

[3]Soebbing also asserts that there exists a material issue of fact as to his third claim (whether an implied agreement existed whereby Carpet Barn

## II.  *The second amended complaint*

Soebbing argues that the district court denied him procedural due process by granting his motion to amend his first amended complaint and "immediately thereafter" granting Carpet Barn summary judgment as to the proposed second amended complaint. In so doing, argues Soebbing, the district court did not give him adequate notice pursuant to NRCP 56(c)[4] and an opportunity to respond to the motion for summary judgment as to the proposed second amended complaint. We agree.

Although district courts have the inherent power to enter summary judgment *sua sponte* pursuant to rule 56, that power is contingent upon giving the losing party notice that it must defend its claim. United States Dev. Corp. v. Peoples Federal Sav. & Loan, 873 F.2d 731, 735 (4th Cir. 1989). The notice should provide the full ten days described in rule 56(c). *Id.* In *U.S. Dev. Corp.*, when respondent moved for summary judgment, appellant moved to amend the complaint (by adding a new count) and, at the same time, opposed the motion for summary judgment. *Id.* at 733-34. Respondent did not seek summary judgment on the proposed new count. *Id.* at 734. The district court simultaneously granted appellant's motion to amend and respondent's motion for summary judgment on the original complaint. The district court also entered summary judgment *sua sponte* on appellant's new claim, holding that it did not add anything new to the claims alleged. *Id.*

The court rejected respondent's argument that the new count did not add anything new:

> [Respondent] contends that summary judgment on the new count was appropriate because the count did not contain any additional facts that would create a genuine issue of material fact. This argument misses the point. *Appellants' right to notice and an opportunity to be heard on its claim has nothing to do with the merits of its case.* Once the district court allowed the claim to be added to the complaint, it could be disposed of only in accordance with the Rules of Civil Procedure and the dictates of due process.

would pay him a reasonable amount for services already performed). Yet Soebbing failed to cite any authority, to point to any evidence, or to further discuss how the record demonstrates an implied agreement. We therefore decline to address this assertion. *See* Cummings v. Tinkle, 91 Nev. 548, 551, 539 P.2d 1213, 1215 (1975) (this court need not address an alleged error where party fails to cite legal authority).

[4]NRCP 56(c) requires a party serve his motion for summary judgment at least ten days before the time fixed for a hearing.

*Id.* at 736 (emphasis added). Thus the court held that "regardless of a claim's merit, a district court may not *sua sponte* enter summary judgment against it until the claim's proponent has been given notice and a reasonable opportunity to be heard." *Id.; accord* Reese v. Sparks, 760 F.2d 64, 66 (3d Cir. 1985).

We agree with the reasoning in *U.S. Dev. Corp.* and conclude that Soebbing was not given adequate notice and an opportunity to be heard with respect to the proposed new complaint.[5] In fact, the district court granted judgment against this complaint before Soebbing filed it. As noted in *U.S. Dev. Corp.,* courts should be cautious of last-second amendments alleging meritless claims in an attempt to save a case from summary judgment: the proper method to deal with such tactics is to deny leave to amend on grounds of futility. *U.S. Dev. Corp.,* 873 F.2d at 736, n. 4.

Based on the foregoing, we affirm the summary judgment as to the first amended complaint and reverse the summary judgment as to the second amended complaint. Because of our disposition of this case, we need not address Soebbing's appeal from the order denying his motion to re-tax costs. Accordingly, we remand this matter for further proceedings consistent with this opinion.[6]

---

[5]This opinion intimates nothing about our view of Soebbing's new claims; we merely conclude that Soebbing was denied the proper notice and opportunity to be heard.

[6]The Honorable Miriam Shearing, Justice, did not participate in the decision of this matter.