OPINION
 

 Per Curiam:
 

 Appellants Dennis and Misty Cheek challenge the summary judgment granted by the district court in favor of respondent, FNF Construction, Inc. (hereafter FNF). The Cheeks contend
 
 *1250
 
 that the district court erred in entertaining FNF’s motion for summary judgment because they were not afforded adequate notice or service of notice. We agree and vacate the order.
 

 FACTS
 

 On Sunday, March 25, 1990, at 9:45 p.m., the Cheeks’ vehicle struck a cow owned by Cliven Bundy on northbound 1-15 just south of Mesquite, Nevada. About five miles south of the scene, FNF was in the process of paving a portion of 1-15 for the Nevada Department of Transportation (hereafter NDOT).
 

 The Cheeks filed an action against the State of Nevada, NDOT, FNF, and Bundy for personal injuries arising out of the collision with the cow. FNF filed a Motion for Summary Judgment on the ground that the Cheeks had failed to establish a causal connection between FNF and the cow’s presence on the highway. The district court denied the motion without prejudice to refile after additional discovery.
 

 Eight months later, on December 26, 1995, FNF renewed its motion for summary judgment and mailed notice of the motion to the Cheeks. The hearing on the motion was scheduled for January 22, 1996, and the trial on the merits was set for January 16, 1996. To avoid participating in a trial that could be obviated by the granting of its summary judgment motion, FNF moved, ex parte, to change the hearing on the motion to January 4, 1996. The affidavit attached to the motion certified that a notice of the Order Shortening Time would be served on all counsel of record by hand delivery or facsimile.
 

 The court granted the motion for an order shortening time on December 28, 1995, but did not specify how service of the order should be accomplished. The Cheeks were notified of the order on December 28, 1995 by facsimile, and thereafter filed an opposition to the renewed summary judgment motion arguing that the notice of the hearing date was deficient. Despite the holiday season, the Cheeks’ attorney was able to contact their expert by telephone and submit his affidavit along with their opposition to the motion.
 

 At the hearing, the district court granted FNF’s renewed motion for summary judgment and released FNF from the action. This appeal followed.
 

 DISCUSSION
 

 The Cheeks claim that FNF’s notice of the accelerated hearing on the motion for summary judgment was legally insufficient, thereby depriving the district court of the authority to proceed with the hearing at the scheduled time. The basis for the Cheeks’
 
 *1251
 
 contention is that the district court violated the notice provisions of NRCP 56(c), in addition to the notice and service provisions of Eighth District Court Rules (EDCR) 2.26 and 7.26.
 

 A. NRCP 56(c)
 

 NRCP 56(c) provides that “[t]he motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing.” It has been held with respect to the federal counterpart to NRCP 56(c) that noncompliance with the time provisions of the rule “deprives the court of authority to grant summary judgment, unless . . . there has been no prejudice to the opposing party by the court’s failure to comply with this provision of the rule.” Kistner v. Califano, 579 F.2d 1004, 1006 (6th Cir. 1978).
 

 FNF mailed notice of the renewed motion for summary judgment to the Cheeks on December 26, 1995. NRCP 6(e) provides that when giving notice by mail, three days shall be added to the prescribed period. Thus, by operation of the rule, notice of the renewed motion was given by mail on December 29, 1995.
 

 On December 28, 1995, FNF filed, and the district court granted, an ex parte motion for an order shortening the time of the summary judgment hearing to January 4, 1996. On the same day, FNF faxed notice to the Cheeks of the new hearing date. Thus, the Cheeks received six days’ notice by mail and seven days’ notice by fax.
 

 In Osbakken v. Venable, 931 F.2d 36, 37 (10th Cir. 1991), the court explained:
 

 the 10-day time period for service of the motion is especially important in the Rule 56 context because it provides an opportunity for the opposing party to prepare himself as well as he can with regard to whether summary judgment should be entered. In theory, the additional time ought to produce a well-prepared and complete presentation .... In addition, since opposition to a summary judgment motion often is a difficult task, usually involving preparation of both legal and factual arguments as well as affidavits, and since the results of failure are drastic, it is felt that the additional time is needed to assure that the summary judgment proceeding is fair.
 

 See also
 
 Winfrey v. Brewer, 570 F.2d 761, 764 (8th Cir. 1978) (holding that the purpose of the ten-day notice “provision is to allow the opposing party a meaningful opportunity to resist the motion by submitting counteraffidavits.”)
 

 In
 
 Osbakken,
 
 the court vacated a summary judgment where the lower court only afforded the opponent eight days’ notice of the hearing on the motion.
 
 Osbakken,
 
 931 F.2d at 37. In that case,
 
 *1252
 
 the opponent stated at the hearing that he had not had sufficient time to prepare responses to the allegations.
 
 Id.
 

 The Cheeks insist that they were prejudiced because the Order Shortening Time was granted during the holiday season when their expert was not readily available. Of the seven days they had to prepare, three were non-working days due to the New Year’s weekend; moreover, the motion was heard at 9:00 a.m. on January 4. Further, as in
 
 Osbakken,
 
 the Cheeks protested the court’s consideration of the motion at the hearing. They claimed in their opposition brief that they were not afforded sufficient notice, and that they did not have an adequate opportunity to prepare a complete affidavit.
 

 FNF insists that the Cheeks were not prejudiced because this was a renewed motion for summary judgment that contained no new legal arguments or evidence, and that the facts or lack thereof would not change no matter how much time the Cheeks had to prepare for the hearing on the motion. Indeed, FNF noted that the Cheeks did not know who left the northbound gate open twelve days before the scheduled trial and would never know irrespective of the length of time they would have to find an answer to that question.
 

 This court has held that an appellant’s right to notice has nothing to do with the merits of the case. Soebbing v. Carpet Barn, Inc., 109 Nev 78, 83, 847 P.2d 731, 735 (1993) (citing U.S. Development Corp. v. Peoples Federal Savings and Loan Association, 873 F.2d 731, 734 (4th Cir. 1989)).
 

 In
 
 U.S. Development Corp.,
 
 the respondent sought summary judgment and then added a new count to his complaint without seeking summary judgment on the new count.
 
 Id.
 
 The respondent argued that summary judgment on the new count was appropriate because the count did not contain any additional facts that would create a genuine issue of material fact.
 
 Id.
 
 The court held that “[o]nce the district court allowed the claim to be added to the complaint, it could be disposed of only in accordance with the Rules of Civil Procedure and the dictates of due process.”
 
 Id.
 

 Likewise, in this case, once the district court allowed the renewed motion, it could only be disposed of in accordance with the rules of civil procedure and the dictates of due process. The fact that the renewed motion for summary judgment did not raise any new issues is not dispositive. Under
 
 Osbakken
 
 and
 
 Soebbing,
 
 the Cheeks were entitled to ten days’ notice regardless of the merits, because they objected to the notice at the hearing and have maintained that they were prejudiced by their inability to fully prepare their opposition to the summary proceeding under the constraints of the shortened time period.
 

 
 *1253
 

 B. Eighth District Court Rules
 

 EDCR 2.20 provides that “[a]ll motions must contain a notice of motion setting the same for hearing . . . not less than 21 days from the date the motion is served. . . .” “If a motion to shorten time is granted, it must be served upon all parties promptly. An order which shortens the notice of hearing to less than 10 days may not be served by mail.” EDCR 2.26.
 

 FNF admits that the Cheeks were only afforded seven days’ notice. They argue that EDCR 2.26 governs an Ex Parte Motion for an Order Shortening Time, and under that rule, the district court judge has “discretion to shorten the time for a hearing” to less than ten days notwithstanding the NRCP 56(c) ten-day requirement. FNF also argues that it complied with EDCR 2.26 because it served notice on the Cheeks promptly by faxing notice of the order to the Cheeks on December 28, 1995, the same day the order was issued.
 

 The Cheeks, on the other hand, maintain that the ten-day NRCP notice requirement cannot be abrogated by local rule. They further contend that under the applicable local rules for service, both the notice mailed December 26 and the notice faxed December 28 were deficient. We agree.
 

 FNF’s argument suggests a conflict between a local district court rule and the general rules of procedure promulgated by this court. In Western Mercury, Inc. v. The Rix Co., 84 Nev 218, 223, 438 P.2d 792, 795 (1968), this court held that “[t]he district courts have rule-making power,
 
 [1]
 
 but the rules they adopt must not be in conflict with the Nevada Rules of Civil Procedure.” Thus, the issue becomes whether EDCR 2.26 can be reád consistently with the prevailing rule, NRCP 56(c).
 

 EDCR 2.26 requires prompt service by any accepted method if the order is granted more than ten days prior to the hearing. If the order is granted less than ten days before the scheduled hearing, EDCR 2.26 prohibits service by mail. NRCP 56(c), in conjunction with case law, mandates ten days’ notice
 
 unless
 
 the opponent will not suffer prejudice as a result of shorter notice.
 
 Kistner,
 
 579 F.2d at 1005.
 

 Therefore, the sections are compatible if EDCR 2.26 is construed to permit less than ten days’ notice of a summary judgment hearing only if the party opposing the motion will not suffer prejudice. If the order does shorten the time to less than ten days, then the rule prohibits service by mail in the Eighth Judicial
 
 *1254
 
 District.
 
 [2]
 
 This reading allowed the district court judge to shorten the notice period set forth in NRCP 56(c) to seven days providing the Cheeks would not suffer prejudice and the notice would not be served by mail.
 

 As noted above, the Cheeks did suffer prejudice by the shortened notice period. Thus, the district court judge should have required ten days’ notice under both the local rules and the Nevada Rules of Civil Procedure. Since the Cheeks were only afforded seven days’ notice, service by mail was improper. Thus, the December 26 mailing would not constitute legally sufficient notice.
 

 The Cheeks also received notice by fax. EDCR 7.76
 
 [3]
 
 sets forth other acceptable service methods:
 

 Service . . . must be made by delivering a copy or mailing it ... . Delivery of a copy . . . means: handing it to the attorney . . . ; leaving it at the attorney’s . . . office with a clerk or other person in charge thereof; if the office is closed or the person to be served has no office, leaving it at the attorney’s . . . dwelling house . . . with some person of suitable age and discretion residing therein.
 

 FNF argues that even though EDCR 7.76 does not provide for service by fax, the affidavit attached to its Motion to Shorten Time specified that notice of an order shortening the time for the hearing would be served by hand delivery or facsimile to all counsel of record, so by granting the Motion to Shorten Time, the court impliedly authorized service by facsimile.
 
 [4]
 

 EDCR 7.76 does not provide for service by fax. Therefore, if the district court did impliedly authorize service by fax, that authorization was in violation of EDCR 7.76 as well as NRCP 5(b) and was invalid. There is simply no provision in the rule authorizing ad hoc additions by district court judges to methods of service specified by the rule.
 

 CONCLUSION
 

 Based upon the foregoing, we conclude that the notice period was legally insufficient and that service by fax was improper.
 
 *1255
 
 Consequently, the district court did not have authority to hear FNF’s motion for summary judgment on the scheduled hearing date.
 

 Accordingly, we vacate the district court’s order granting summary judgment and remand for further proceedings consistent with this opinion.
 

 [1]
 

 NRCP 83 provides: “Each district court. . . may from time to time make and amend rules governing its practice not inconsistent with these rules
 

 [2]
 

 There is no provision in the NRCP prohibiting service by mail in this situation, thus, this section of EDCR 2.26 is consistent with the NRCP because it is more restrictive.
 

 [3]
 

 This rule is virtually identical to NRCP 5(b).
 

 [4]
 

 The order does not specify a proper method of service, but does reference the motion’s supporting affidavit.