130 Nev., Advance Opinion 80
IN THE SUPREME COURT OF THE STATE OF NEVADA

RENOWN REGIONAL MEDICAL
CENTER, A NEVADA CORPORATION,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
BRENT T. ADAMS, DISTRICT JUDGE,
Respondents,
and
MICHAEL WILEY, AN INDIVIDUAL,
Real Party in Interest.

No. 62666



FILED

OCT 02 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order granting partial summary judgment in an action regarding a hospital lien.

*Petition granted in part and denied in part.*

Holland & Hart, LLP, and Jeremy J. Nork, Frank Z. LaForge, and Stephan J. Hollandsworth, Reno,
for Petitioner.

Snell & Wilmer, LLP, and William E. Peterson and Janine C. Prupas, Reno; Leverty & Associates and Vernon Eugene Leverty and Patrick R. Leverty, Reno,
for Real Party in Interest.

Matthew L. Sharp, Ltd., and Matthew L. Sharp, Reno,
for Amicus Curiae Nevada Justice Association.

14-32742

BEFORE THE COURT EN BANC.[1]

## *OPINION*

By the Court, CHERRY, J.:

A district court may grant summary judgment sua sponte if it gives the defending party notice and an opportunity to defend. In this case, the district court granted summary judgment to the plaintiff on two claims for relief that were not argued in the summary judgment briefing or in oral argument. The district court did not give notice to the defendant that it intended to do so. We conclude that the district court erred by granting summary judgment on those two causes of action and grant, in part, this petition for a writ of mandamus. We decline to consider the other issues and arguments raised by the parties and therefore deny the remainder of the petition.

### *FACTS AND PROCEDURAL HISTORY*

Real party in interest Michael Wiley was injured in a motorcycle accident for which he was not at fault. Wiley was treated for his injuries at Renown Regional Medical Center. Renown did not bill Wiley's health insurance plan administrator, Cigna, for the treatment. Instead, it recorded a hospital lien against Wiley's potential tort recovery. Nevertheless, Wiley sent his medical bills to Cigna. Cigna sent payment to Renown in the amount of the special, discounted rates that Cigna had previously negotiated with Renown. Cigna's discounted rates were set by its provider agreement with Renown in which Cigna agreed to send

---

[1]The Honorable Kristina Pickering, Justice, did not participate in the decision of this matter.

 

patients to Renown and Renown agreed to provide Cigna and its members with discounted rates. Renown did not accept this payment because it believed that Cigna did not actually cover injuries caused by a third party's negligence.

Wiley and the tortfeasor's insurer subsequently reached a settlement. The insurer delivered two checks to Wiley. The first was made out to Wiley. The second was made out to Renown in the amount of Renown's standard, nondiscounted rates in order to satisfy Renown's hospital lien. Wiley refused to give the check made out to Renown to Renown. He believed that he was entitled to the full settlement payment and that Renown should have accepted Cigna's payment as full and final instead of recovering via the hospital lien. Because Wiley did not deliver the check, Renown did not release its lien. Wiley was later refused a loan on account of the outstanding lien.

Wiley brought a putative class action against Renown regarding its lien practices. Wiley alleged, among other things, that Renown's lien violated Nevada's hospital lien statutes, NRS 108.590 and NRS 449.757, that Renown breached its provider agreement with Cigna, and that Renown intentionally interfered with Wiley's policy with Cigna. Renown moved for summary judgment, arguing that Wiley's Cigna policy did not cover Wiley's treatments, that Wiley could not assert breach of the provider agreement because he was not a third-party beneficiary to the agreement, and that Renown did not violate NRS 108.590 or NRS 449.757.

The district court initially held that there were issues of material fact and therefore denied the motion. Renown's arguments, however, appear to have concerned entirely legal issues, not factual ones. Renown requested a status conference, which the district court granted.

At the status conference, the district court asked that the parties stipulate to the facts relevant to the legal issues raised in Renown's initial motion for summary judgment and then resubmit those issues in cross-motions for summary judgment.[2] The district court wished to resolve, before class discovery, the dispositive, preliminary legal issues, including whether Wiley was a third-party beneficiary who could enforce the provider agreement and whether Wiley's policy covered his injuries. The full merits of Wiley's claims for breach of the provider agreement and intentional interference with his Cigna policy were not at issue in the summary judgment proceedings.

In accordance with the district court's request, Renown filed a second motion for summary judgment, again arguing that Wiley's Cigna policy did not cover Wiley's treatments, that Wiley was not a third-party beneficiary to the provider agreement, and that Renown did not violate NRS 108.590 or NRS 449.757. Wiley also filed a motion for summary judgment, arguing that Renown violated NRS 108.590 and NRS 449.757.

The district court held a hearing on the summary judgment motions and subsequently denied Renown's motion and granted Wiley's motion. The court found, among other things, that Renown's lien practices violated NRS 108.590 and NRS 449.757, that Wiley was a third-party beneficiary to the provider agreement, and that Renown was not permitted to decide whether Wiley's injuries were covered by his Cigna policy. Notably, the court also found in favor of Wiley on his breach of

---

[2]The parties stipulated to a set of hypothetical facts solely for summary judgment purposes. We do not here opine on the propriety of the district court accepting such stipulations.

contract and intentional interference with contract claims, even though the full merits of these claims were not specifically argued in the cross-motions for summary judgment or at the hearing.

The district court stayed the remainder of the case so that Renown could seek writ relief in this court. Renown then filed this petition for mandamus relief challenging the district court's order.

## DISCUSSION

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (footnote omitted); *see* NRS 34.160. "Ultimately, the decision to entertain an extraordinary writ petition lies within our discretion." *Davis v. Eighth Judicial Dist. Court*, 129 Nev. ___, ___, 294 P.3d 415, 417 (2013). "Neither a writ of mandamus nor a writ of prohibition will issue if the petitioner has a 'plain, speedy and adequate remedy in the ordinary course of law.'" *Westpark Owners' Ass'n v. Eighth Judicial Dist. Court*, 123 Nev. 349, 356, 167 P.3d 421, 426 (2007) (quoting NRS 34.170, NRS 34.330). Generally, the availability of appeal after final judgment is considered an adequate and speedy remedy that precludes mandamus relief from orders granting partial summary judgment. *See id.* However, we will exercise our discretion to consider petitions for such writ relief when an important area of law needs clarification and judicial economy is served by considering the writ petition. *See id.*; *see also Int'l Game Tech.*, 124 Nev. at 197-98, 179 P.3d at 559.

In this case, the district court granted partial summary judgment in Wiley's favor on his claims for breach of contract and intentional interference with contract. These claims were nowhere

Supreme Court
OF
Nevada

(O) 1947A

5

mentioned in the six summary judgment briefs. And Wiley did not argue his contract claims in the day-long hearing. Whether the district court acted appropriately in granting summary judgment on these claims is an important issue of law needing clarification and judicial economy is served by our consideration of this petition. *Int'l Game Tech.*, 124 Nev. at 197-98, 179 P.3d at 559. We therefore exercise our discretion to consider that portion of this writ petition that concerns the district court's summary judgment on claims for which no party sought summary judgment. We consider this issue of law de novo, *id.* at 198, 179 P.3d at 559, and we decline to consider the other issues raised in Renown's writ petition.

We have previously held that "[a]lthough district courts have the inherent power to enter summary judgment *sua sponte* pursuant to [NRCP] 56, that power is contingent upon giving the losing party notice that it must defend its claim." *Soebbing v. Carpet Barn, Inc.*, 109 Nev. 78, 83, 847 P.2d 731, 735 (1993). And we have called it "troubling" when a district court grants summary judgment sua sponte without having taken evidence in the form of affidavits or other documents. *Sierra Nev. Stagelines, Inc. v. Rossi*, 111 Nev. 360, 364, 892 P.2d 592, 594-95 (1995). A district court must not elevate "promptness and efficiency" over fairness and due process by entering summary judgment before claims are properly before it for decision. *Id.* at 364, 892 P.2d at 595. Thus, we take this opportunity to reiterate that the defending party must be given notice and an opportunity to defend itself before a court may grant summary judgment sua sponte. *See Soebbing*, 109 Nev. at 83, 847 P.2d at 735; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she

had to come forward with all of her evidence."); *Norse v. City of Santa Cruz*, 629 F.3d 966, 971-72 (9th Cir. 2010) (same).

Here, without briefing, argument, or even notice, the district court granted summary judgment in favor of Wiley on his contract claims. This amounts to the type of sua sponte summary judgment of which this court and federal courts have disapproved. We therefore conclude that the district court erred in granting summary judgment on Wiley's fifth and eighth causes of action for breach of contract and intentional interference with contract, respectively. Accordingly, we grant Renown's petition, in part, and order the clerk of this court to issue a writ of mandamus directing the district court to vacate that portion of its order granting summary judgment to Wiley on his fifth and eighth causes of action. We decline to consider the other issues and arguments presented in Renown's writ petition and therefore deny the remainder of the petition. *Davis*, 129 Nev. at ___, 294 P.3d at 417.

_____, J.
Cherry

We concur:

_____, C.J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Saitta